UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STUART DIAMOND,                                         :

        Plaintiff,                                     :       05 Civ. 1937 (PAC)

  -against-                                              :       <u>ORDER</u>

TREASURERS AND TICKET SELLERS UNION      :
LOCAL 751 PENSION FUND, THE TRUSTEES
OF THE TREASURERS AND TICKET SELLERS     :
UNION LOCAL 751 PENSION FUND, and
ROBERT CLEARY,                                          :

        Defendants.                                    :

------------------------------------------------------------------------x

        HONORABLE PAUL A. CROTTY, United States District Judge:

        This is an ERISA action, 29 U.S.C. § 1001 <u>et</u> <u>seq.</u>, in which Plaintiff Stuart Diamond ("Diamond") alleged an improper denial of pension benefits and breach of fiduciary duty.  At the conclusion of discovery, Defendants Treasurers and Ticket Sellers Local 751 Pension Fund (the "Plan" or the "Fund"), the Fund's Trustees and Robert Cleary, the former Union President and Fund Manager, moved for summary judgment dismissing Diamond's complaint.  Diamond cross-moved for summary judgment in his favor.  One year ago, the Court denied Defendants' motion; and granted, in part, Plaintiff's cross-motion.  The Court found that the number of days Diamond worked in 1982 and 1998 had been erroneously calculated.  As a result of the corrections, the Court determined that Diamond had sufficient service credits (15.5) to be entitled to early retirement under the Plan.

Neither side is happy with the Court's decision: Diamond wants more; and the defendants suggest yet again that they are entitled to summary judgment. With the Court's permission, in January 2007 both sides moved simultaneously for reconsideration; and each party filed responses.

Pursuant to Local Civil Rule 6.3, "a motion for reconsideration is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the Court." In re Salmon Analyst Level 3 Litig., 373 F. Supp. 2d 248, 249 (S.D.N.Y. 2005) (citations and internal quotations omitted).

### Plaintiff's Motion

Diamond points to various misconduct by defendants and now seeks additional relief, including "front pay" through January 30, 2007 (i.e., compensation for all the work he would have performed but for Defendants' wrongful conduct; and all benefits he would have received but for Defendants' breach of their fiduciary obligations). As an alternative, Diamond seeks partial benefits from January 1998 up to the time of his disability award by Social Security in February 2000.

Plaintiff's motion for reconsideration is denied. The relief the Court granted was the relief Diamond sought. His current demand is for relief he asked for in the alternative. He is obviously not entitled to both. As to the demand concerning disability benefits, this question is raised for the first time on the motion for reconsideration. It is inappropriate for that reason. See Nat'l Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) ("Parties may not use a motion for

2

reconsideration to advance new facts, issues or arguments not previously presented to the court.") (citations and internal quotation marks omitted).  The Court previously reviewed Diamond's work history and properly calculated his service credits.  Diamond now seeks credits for work he never performed, but purportedly would have, if only Defendants had not interfered with his work opportunities.  That relief is inappropriate under § 510.  Finally, the time for the relief that Diamond seeks is long since passed.  When there is an alleged statutory violation, Diamond should have taken prompt action to protect his rights by filing his complaint.  Instead, he merely remonstrated with the Defendants and selected a new counsel who finally filed this action.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

### Defendants' Motion

Defendants move for reconsideration, and upon reconsideration, granting their motion for summary judgment, which the Court had previously denied.  Defendants assert that the Court erred in interpreting the Fund's records.  Defendants ask the Court to reconsider its calculations with respect to the 1982 and 1998 years.  If it were to do so, using Defendants' proposed method, then Diamond would not be entitled to the 15.5 service credits.

The Court declines the invitation.  As to both years, Defendants rely on materials that were "previously annexed" to one of the earlier moving affidavits.  The Court, however, did not "overlook" these matters.  It considered them, and rejected Defendants' calculations based on them.  A Rule 6.3 motion "is not a motion to argue those issues already considered when a party does not like the way the original motion was resolved."  In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  There is

3

no good reason to reconsider the Court's decision of August 22, 2006. Accordingly, Defendants' motion for reconsideration is DENIED.

The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
August 8, 2007

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

4